UNITED STATES v. ARTEAGO et al. (forty cases).

(Circuit Court of Appeals, Fifth Circuit. May 7, 1895.)

Nos. 267–290, 292–296, 298–301, 303–308, and 310.

IMMIGRATION—CONTRACT LABOR LAWS—AUTHORITY OF SECRETARY OF TREASURY—JURISDICTION OF COURTS—HABEAS CORPUS.

The action of the secretary of the treasury in ordering the deportation of immigrants who have arrived within a year, on the ground that they were landed in violation of the contract labor laws (Acts February 26, 1885, February 23, 1887, October 19, 1888, March 3, 1891), cannot be reviewed or questioned in the courts; and hence there is no jurisdiction to discharge them on writs of habeas corpus when held in custody by immigrant inspectors for the purpose of deportation pursuant to an order of the secretary. Fong Yue Ting v. U. S., 13 Sup. Ct. 1016, 149 U. S. 698, applied.

Appeal from the Circuit Court of the United States for the Southern District of Florida.

These were writs of habeas corpus, issued upon the relation of Antonio Arteago and 39 other Italian immigrants, who were held

in custody by immigrant inspectors at the port of Key West for the purpose of deportation under the contract labor laws. The circuit court entered an order discharging the relator in each case, and the United States appealed.

The above-entitled cases are similar as to fact and the law applicable thereto, and, having been heard together, are disposed of together. About the 8th of January, 1894, the relators, cigar makers by trade, arrived in this country from Cuba, paying their own passage, and not under any contract or agreement of any kind with any person to labor in this country. On their arrival they were inspected and examined by the immigrant inspector at the port of Key West, and were permitted to land. Soon after landing, they obtained employment as cigar makers, and up to the time of the proceedings in the circuit court hereinafter mentioned were continuously employed supporting and maintaining themselves by their labor. On the 6th of February following the arrival of the relators in this country, the honorable secretary of the treasury issued a warrant directed to Frederick Deshler and William Bethel, immigrant inspectors, wherein it was recited as follows:

"Whereas, from proofs submitted to me, I have become satisfied that all alien immigrants, who landed in the United States at the port of Key West, Florida, on the 8th day of January, 1894, came into this country from Havana, Cuba, per S. S. Mascotte, contrary to the prohibition of the acts of congress approved February 26, 1885, February 23, 1887, October 19, 1888, and March 3, 1891, commonly known as the 'Alien Contract-Labor Laws'; and whereas the period of one year after landing has not elapsed: I, John G. Carlisle, secretary of the United States, by virtue of the power and authority vested in me by the above-cited acts of congress, do hereby command you to take into the custody the said * * * alien immigrants, and return them to the country whence they came, at the expense of the vessel importing them. For so doing, this shall be your sufficient warrant. Witness my hand and seal this sixth day of February, 1894.                    John G. Carlisle,    [Seal.]
                                                      "Secretary of the Treasury."

The relators were taken into custody under this warrant, and thereupon sued out in the circuit court a writ of habeas corpus, alleging in their petition therefor as follows: "The petition of Joaquin J. Amor respectfully shows unto your honor that he is now a prisoner, illegally confined and held in the custody of F. Deshler and W. Bethel, immigration inspectors, in the city of Key West, Fla., and within the jurisdiction of this honorable court, under and by virtue of an alleged warrant issued by secretary of U. S. treasury, in which warrant petitioner is charged with a violation of the immigration laws of the United States, and by which warrant petitioner is ordered to be forthwith removed from the United States; a copy of which warrant is refused. Petitioner alleges: That he came to the United States from Cuba about the 8th day of Jany., 1894, and was examined upon his arrival by the U. S. inspector of immigration at the port of Key West, and by him was decided to be entitled to land in the United States as a lawful immigrant; and, having so landed, petitioner has ever since lawfully dwelt in said city of Key West. That petitioner has never heard of any appeal being taken from said decision of said immigrant agent, and has had no notice of any complaint or proceeding against him, and has had no opportunity to meet and answer any charges preferred against him. And petitioner avers that he has violated no law of the United States, or of the state of Florida; that he has had no hearing or trial, and it is proposed by said Deshler and Bethel, in whose custody petitioner now is, to remove the petitioner at once from the United States, without any hearing or investigation; that said arrest of petitioner, and the summary proceeding to deport him, is illegal, and is an invasion of the rights of petitioner. Wherefore your petitioner prays that a writ of habeas corpus be issued against said Deshler and Bethel, to the end that the petitioner may be discharged from said unlawful arrest and detention." The immigrant inspectors made return to the writ, showing that the relators were in their custody under and by virtue of the above-mentioned warrant. On the hearing the United States attorney for the Southern district of Florida appeared, and moved the

court to dismiss the petition for habeas corpus, for the reason that upon the return of the writ it is shown that the petitioners are held under a warrant issued by the honorable secretary of the treasury, and it appearing that, the secretary had jurisdiction and authority in the matter of issuing said warrant; the matter is not reviewable by this court. This motion having been overruled, witnesses were examined, the facts stated in the petition for habeas corpus and the above-recited facts were proved by witnesses, and thereupon the court ordered in each case as follows: "It not appearing that the petitioner had come into the United States in violation of law, it is ordered that the petition be granted, and he [naming petitioner] be discharged from custody," whereupon the United States appealed to this court, assigning errors as follows: "First, that the court erred in refusing to grant the motion of the said attorney to dismiss the petition upon the ground set forth in said motion: second, that the court erred in permitting any evidence to be introduced at the hearing; third, that the court erred in discharging the petitioner."

F. B. Earhart and Frank Clark, for the United States.

Before PARDEE and McCORMICK, Circuit Judges, and TOULMIN, District Judge.

PER CURIAM. A majority of the judges being of opinion that these cases are controlled by the principles declared in the opinion of the supreme court in Fong Yue Ting v. U. S., 149 U. S. 698, 13 Sup. Ct. 1016, and consequently that the action of the secretary of the treasury in ordering the deportation of aliens who have arrived in this country within a year cannot be reviewed nor questioned by the courts, it is ordered that the judgments of the circuit court for the Southern district of Florida in the above-entitled cases be, and the same are, reversed, and the said cases, and each of them, are remanded, with instructions to enter judgments discharging the writ of habeas corpus, and remanding the relators to the custody of the immigrant inspectors of the United States.

IMMIGRATION—CONTRACT LABOR LAWS—DEPORTATION—HABEAS CORPUS.