UNITED STATES v. AMOR et al. (six cases).

(Circuit Court of Appeals, Fifth Circuit. May 7, 1895.)

Nos. 265, 266, 291, 297, 302, and 309.

IMMIGRATION—CONTRACT LABOR LAWS—DEPORTATION—HABEAS CORPUS.

Aliens held in custody by immigrant inspectors for deportation under the contract labor laws, and by virtue of a warrant from the secretary of the treasury, which does not contain the names of the prisoners, or any names idem sonans, are *held* without authority, and may be released by habeas corpus. U. S. v. Arteago, 68 Fed. 883, distinguished.

Appeal from the Circuit Court of the United States for the Southern District of Florida.

These were writs of habeas corpus issued upon the relation of Joaquin J. Amor and five others, who were held in custody by immigrant inspectors at the port of Key West for the purpose of deportation under the contract labor laws. The circuit court entered an order discharging the relator in each case, and the United States appealed.

F. B. Earhart and Frank Clark, for the United States.

Before PARDEE and McCORMICK, Circuit Judges, and TOUL-MIN, District Judge.

PER CURIAM. These cases, in the main similar to U. S. v. Arteago (just decided) 68 Fed. 883, are distinguished from them in that the warrant of deportation issued by the honorable secretary of the treasury does not contain the names of the petitioners in the court below (appellees here), nor any name or names idem sonans, and there is no evidence, even if such were admissible, tending to identify the appellees with any name or names recited in the warrants. As the return to the writ of habeas corpus shows no authority to detain the petitioners, the judgments of the circuit court are correct, and the same are affirmed.